# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**DAVID ANTHONY TAYLOR**,

    *Plaintiff,*

-vs-

**EQUIFAX INFORMATION SERVICES LLC,**

    *Defendants.*

Case Number: 8:23-cv-860-MSS-AAS

**JURY TRIAL DEMANDED**

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, DAVID ANTHONY TAYLOR (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, costs and attorneys' fees brought pursuant to 15 U.S.C. §§ 1681e(b) & 1681i(a)(1)(A) of the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC ("Equifax"), Trans Union LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian").

Page **1** of **31**

3.    The FCRA requires that consumer reporting agencies, like Equifax, follow reasonable procedures to assure the maximum possible accuracy of the information they report. Congress described these obligations placed on consumer reporting agencies as "grave responsibilities." 15 U.S.C. § 1681.

4.    The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

5.    Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331, as the FCRA is a federal statute.

6.    Equifax is subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat. and Fed. R. Civ. P. 4(k).

7.    Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and / or caused by Equifax within Polk County, Florida, which is within the Middle District.

## PARTIES

### Plaintiff, David Anthony Taylor

8.    Plaintiff is a natural person, who at all times relevant has resided in Polk County, Florida.

9.    Plaintiff is a *Consumer* as the term is defined by the FCRA.

### Defendant, Equifax Information Services LLC

10.    Equifax is a Georgia limited liability company with a principal address of 1550 Peachtree Street, NW, Atlanta, GA 30309.

11.    Equifax is registered to conduct business in the State of Florida where its Florida Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

12.    Equifax is a ***Consumer Reporting Agency*** within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages, in whole or in part, in the practice of assembling or evaluating consumer credit information, or other information on consumers, for the purpose of furnishing consumer reports to third parties, and uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet.

13.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

### FACTUAL ALLEGATIONS

14.    Plaintiff is a natural person who is alleged to owe multiple debts.

15. At some point in the past, Equifax began maintaining a credit file on Plaintiff, David *Anthony* Taylor, who was born in 1962.

16. Subsequently, Equifax began incorporating large amounts of information belonging to David *Allan* Taylor, of either Orlando or Minneola, Florida, who was born in 1963, into David *Anthony* Taylor's file.

17. Plaintiff is a victim of a mixed file with David *Allan* Taylor, and by 2023, more than 80% of the information in Plaintiff's Equifax credit file related to David *Allan* Taylor – including a different Social Security number ("SSN") and date of birth ("DOB").

18. While Plaintiff has maintained good credit – David *Allan* Taylor appears to have various credit card charge-offs, car repossessions, and other consumer debts.

19. On or about September 9, 2022, Plaintiff contacted Equifax to dispute the following erroneous accounts and to advise that they did not belong to him.

    i. The CCS Companies on behalf of original creditor Labcorp, account number ending in x9919, a collection account with a balance of $287 and status of past due;

    ii. Radius Global Solution, LLC on behalf of original creditor AT&T, account number ending in x6336, a collection account with a balance of $437 and status of past due;

Page **4** of **31**

iii.   The CCS Companies on behalf of original creditor Labcorp, account number ending in x8775, a collection account with a balance of $353 and status of past due;

iv.   Midland Credit Management on behalf of Synchrony Bank, account number ending in x0360, a collection account with a balance of $1,493; and

v.   Midland Credit Management on behalf of Capital One, N.A., account number ending in x5102, a collection account with a balance of $1,568.

20.   On or about September 21, 2022, Equifax responded to Plaintiff's disputes by stating the following as to each account:

| **Furnisher** | **Account #** | **Response** |
| --- | --- | --- |
| The CCS Companies | x9919 | **Verified as Accurate** |
| Radius Global Solution, LLC | x6336 | **Verified as Accurate** |
| The CCS Companies | x8775 | **Verified as Accurate** |
| Midland Credit Management | x0360 | **Verified as Accurate** |
| Midland Credit Management | x5102 | **Verified as Accurate** |

21.   Equifax failed to do any independent investigation into Plaintiff's dispute but rather parroted information it received from the furnisher(s).

22.   Equifax never attempted to contact Plaintiff during the alleged investigation.  Equifax maintained the Mixed file for Plaintiff showing the erroneous accounts.

23.   On or about October 8, 2022, Plaintiff contacted Equifax to dispute additional erroneous accounts appearing on his credit report and to advise that those accounts did not belong to him.

i.   Midland Credit Management on behalf of Comenity Bank, account number ending in x8791, a collection account with a balance of $1,568;

ii.   Fingerhut/Webbank, account number ending in x8084, reported as current with a balance of $169; and

iii.   Capital One, NA as to a Kohls credit card, account number ending in x2446, reported as current with a balance of $0.

24.   On or about October 12, 2022, Equifax responded to Plaintiff's disputes by stating the following as to each account:

| Furnisher | Account # | Response |
| --- | --- | --- |
| Midland Credit Management | x8791 | **Verified as Accurate** |
| Fingerhut/Webbank | x8084 | **Verified as Accurate** |
| Capital One/Kohls | x2446 | **Verified as Accurate** |

25.   Equifax failed to do any independent investigation into Plaintiff's dispute but rather parroted information it received from the furnisher(s).

Page **6** of **31**

26. Equifax never attempted to contact Plaintiff during the alleged investigation.

27. By early 2023, Equifax's credit file on Plaintiff contained tradelines which did not represent accounts belonging to Plaintiff, reported by:

- Capital One (two different accounts)
- Capital One Auto
- JP Morgan Chase Bank ("JPMCB")
- FEB-Retail
- American Express
- Aqua Finance
- Citibank North America
- Kohls
- Montgomery Ward
- Southeast Toyota Finance
- Synchrony Bank/HSN
- Synchrony Bank/JCPenney
- GM Financial
- Barclays Bank (two accounts)
- AT&T
- Fingerhut/WebBank
- Midland Credit Management (collection agency; three accounts)
- Comenity Bank/ Marathon

28. On information and belief, *all* of these above-listed accounts ("False Accounts") belong to David *Allan* Taylor.

29. In February 2023, Plaintiff inquired with Veterans United Home Loans (hereinafter "Veterans United") about purchasing a new home for his family, by obtaining a mortgage guaranteed through the Veteran's Administration.

30. Veterans United was able to provide a mortgage pre-approval.

31. Plaintiff then entered into a contract to his new home in April 2023.

Page **7** of **31**

32.    As he was pre-approved for a new VA-guaranteed loan, Plaintiff then entered into a contract to sell the house he already owned and at which he was then residing.

33.    On February 16, 2023, Veterans United requested a consumer report from Equifax Mortgage Solutions (hereinafter "EMS") regarding Plaintiff, so that it could begin underwriting Plaintiff's loan and clearing any conditions required by the VA.

34.    Equifax, doing business as EMS, provided a plethora of false information about Plaintiff to Veterans United, and included many credit accounts which had no relationship to Plaintiff whatsoever in its report.

35.    As a result of Equifax's consumer report containing the False Accounts, Plaintiff could not proceed with the purchase of his new home.    Equifax's misreporting prevented Veterans United from approving Plaintiff as Equifax provided different date of birth and Social Security numbers within its Equifax report.

36.    Plaintiff did, however, comply with his contract to sell his then-home, leaving him and his family homeless.

37.    On or about March 20, 2023, Plaintiff contacted Equifax to dispute the following ten (10) erroneous accounts reported on his credit report. Plaintiff explained that those accounts did not belong to him and should be removed.

Page **8** of **31**

| Furnisher | Account # | Status/Balance |
|---|---|---|
| American Express | x1963 | Current/$945 |
| Capital One Bank USA NA | x1268 | Current/$2,132 |
| Capital One Bank USA NA | x1660 | Current/$722 |
| Capital One Bank USA NA | x9330 | Paid & Closed/$0 |
| Capital One | x0758 | Paid & Closed/$0 |
| Capital One Auto Finance | x1001 | Paid & Closed/$0 |
| Feb – Retail | x4804 | Current/$1,529 |
| Fingerhut | x8089 | Current/$0 |
| Fingerhut/Webbank | x8084 | Current/$102 |
| Kohls/Capital One | x2446 | Current/$30 |

38.    On or about April 5, 2023, Equifax responded to Plaintiff's disputes by stating the following as to each account:

| Furnisher | Account # | Response |
|---|---|---|
| American Express | x1963 | **Verified as Accurate** |
| Capital One Bank USA NA | x1268 | **Verified as Accurate** |
| Capital One Bank USA NA | x1660 | **Verified as Accurate** |
| Capital One Bank USA NA | x9330 | Deleted |
| Capital One | x0758 | Deleted |
| Capital One Auto Finance | x1001 | **Verified as Accurate** |
| Feb – Retail | x4804 | **Verified as Accurate** |
| Fingerhut | x8089 | Deleted |
| Fingerhut/Webbank | x8084 | Deleted |
| Kohls/Capital One | x2446 | **Verified as Accurate** |

39.    Equifax failed to do any independent investigation into Plaintiff's dispute but rather parroted information it received from the furnisher(s).

Page **9** of **31**

40. Equifax never attempted to contact Plaintiff during the alleged investigation.

41. In April 2023, believing that his file had been corrected because of numerous disputes, Plaintiff sought to obtain prequalification for a mortgage with The Mortgage Firm, Inc. (hereinafter "The Mortgage Firm") to purchase a home for him and his wife.

42. As part of the application process, The Mortgage Firm requested a consumer report from Certified Credit Reporting of Florida, Inc. (herein "Certified Credit") regarding Plaintiff.

43. Certified Credit, in response to The Mortgage Firm's request, requested and obtained a consumer report from Equifax, regarding Plaintiff.

44. Certified Credit then merged the credit information it obtained from Equifax with information it obtained from Experian and Trans Union into a single, composite report, referred to as a "tri-merge" report, which it provided to The Mortgage Firm.

45. Equifax, when furnishing its report to Certified Credit for use by The Mortgage Firm, provided all of the aforementioned False Accounts in its report on Plaintiff.

46. As a result of these False Accounts appearing on his Equifax report, Plaintiff could not proceed with a mortgage with The Mortgage Firm.

47.     On or about April 7, 2023, due to the continued inaccurate reporting Plaintiff contacted Equifax again to dispute the following six (6) erroneous accounts. Plaintiff explained that the erroneous accounts did not belong to him and should be removed from his credit report.

| Furnisher | Account # | Status/Balance |
|---|---|---|
| American Express | x1963 | Current/$905 |
| Capital One Bank USA NA | x1268 | Current/$2,132 |
| Capital One Bank USA NA | x1660 | Current/$714 |
| Capital One Auto Finance | x1001 | Paid & Closed/$0 |
| Feb – Retail | x4804 | Current/$1,529 |
| Kohls/Capital One | x2446 | Current/$0 |

48.     On or about April 17, 2023, Equifax responded to Plaintiff's disputes by stating the following as to each of the aforementioned disputed accounts:

| Furnisher | Account # | Response |
|---|---|---|
| American Express | x1963 | **Verified as Accurate** |
| Capital One Bank USA NA | x1268 | **Verified as Accurate** |
| Capital One Bank USA NA | x1660 | **Verified as Accurate** |
| Capital One Auto Finance | x1001 | **Verified as Accurate** |
| Feb – Retail | x4804 | **Verified as Accurate** |
| Kohls/Capital One | x2446 | **Verified as Accurate** |

49.     Equifax failed to do any independent investigation into Plaintiff's dispute but rather parroted information it received from the furnisher(s).

50.     Equifax never attempted to contact Plaintiff during the alleged investigation.

51.     Plaintiff retained legal counsel, and on April 19, 2023, filed suit against Equifax for violations of the FCRA relating to the consumer reports it sold for use by The Mortgage Firm and Veterans' United, and for Equifax's failure to investigate Plaintiff's disputes, submitted prior to April 19, 2023.

52.     On or about May 18, 2023, Plaintiff contacted Equifax once again to dispute the following five (5) erroneous accounts. Plaintiff reiterated that the erroneous accounts did not belong to him, that he was a victim of a mixed file, and the accounts should be removed from his credit report.

| Furnisher | Account # | Status/Balance |
|---|---|---|
| Midland Credit Management | x8791 | Collection/$1,227 |
| Midland Credit Management | x0360 | Collection/$1,493 |
| Midland Credit Management | x5102 | Collection/$1,568 |
| GM Financial | x8350 | Past Due/$21,369 |
| Barclays Bank Delaware | x5349 | Charge Off/$5,522 |

53.     On or about May 25, 2023, Equifax responded to Plaintiff's disputes by stating the following as to each of the aforementioned disputed accounts:

| Furnisher | Account # | Response |
|---|---|---|
| Midland Credit Management | x8791 | **Verified as Accurate** |
| Midland Credit Management | x0360 | **Verified as Accurate** |
| Midland Credit Management | x5102 | **Verified as Accurate** |
| GM Financial | x8350 | **Verified as Accurate** |
| Barclays Bank Delaware | x5349 | **Verified as Accurate** |

54. Equifax failed to do any independent investigation into Plaintiff's dispute but rather parroted information it received from the furnisher(s).

55. Equifax never attempted to contact Plaintiff during the alleged investigation.

56. On or about May 25, 2023, Equifax provided Plaintiff with an updated copy of his credit report. Upon review, Plaintiff observed that Equifax was continuing to report his DOB inaccurately as 9/10/1963 and an incorrect SSN ending in 4434. Further, Equifax was reporting an address in Orlando, Florida and another address in Minneola, Florida which were not his. Upon information and belief, the incorrect personal identifying information belonged to David *Allan* Taylor. Further, Plaintiff observed at least twelve (12) inaccurate and erroneous accounts on his credit report which did not belong to him.

| **Furnisher** | **Account #** | **Status/Balance** |
|---|---|---|
| Midland Credit Management | x8791 | Collection/$1,227 |
| Midland Credit Management | x0360 | Collection/$1,493 |
| Midland Credit Management | x5102 | Collection/$1,568 |
| GM Financial | x8350 | Past Due/$21,369 |
| Barclays Bank Delaware | x5349 | Charge Off/$5,522 |
| Capital One Bank USA NA | x1660 | Pays as Agreed/$719 |
| Capital One Bank USA NA | x1268 | Pays as Agreed/$2,084 |
| Kohls/Capital One | x2446 | Pays as Agreed/$0 |
| Feb – Retail | x4804 | Pays as Agreed/$1,339 |
| American Express | x1963 | Pays as Agreed/$911 |
| Barclays Bank Delaware | x3297 | Charge Off/$2,807 |

| Furnisher | Account # | Status/Balance |
|---|---|---|
| Capital One Auto Finance | x1001 | Pays as Agreed/$0 |

57.    On or about May 25, 2023, and May 26, 2023, Plaintiff contacted Equifax to dispute the following erroneous accounts. Plaintiff explained he was a victim of a mixed file, and the reported accounts did not belong to him and should be removed.

| Furnisher | Account # | Status/Balance |
|---|---|---|
| Midland Credit Management | x8791 | Collection/$1,227 |
| Midland Credit Management | x0360 | Collection/$1,493 |
| Midland Credit Management | x5102 | Collection/$1,568 |
| GM Financial | x8350 | Past Due/$21,369 |
| Barclays Bank Delaware | x5349 | Charge Off/$5,522 |
| Capital One Bank USA NA | x1660 | Pays as Agreed/$719 |
| Capital One Bank USA NA | x1268 | Pays as Agreed/$2,084 |
| Feb – Retail | x4804 | Pays as Agreed/$1,339 |
| Barclays Bank Delaware | x3297 | Charge Off/$2,807 |

58.    Over the following weeks, Equifax provided multiple dispute results to Plaintiff's dispute stating all the aforementioned erroneous accounts were verified as belonging to him.

| Furnisher | Account # | Date of Results |
|---|---|---|
| Feb – Retail | x4804 | May 28, 2023 |
| Barclays Bank Delaware | x5349 | May 29, 2023 |
| Capital One Bank USA NA | x1660 | May 29, 2023 |
| Capital One Bank USA NA | x1268 | May 29, 2023 |
| Barclays Bank Delaware | x3297 | May 29, 2023 |

| Furnisher | Account # | Date of Results |
|-----------|-----------|-----------------|
| GM Financial | x8350 | June 1, 2023 |
| Midland Credit Management | x8791 | June 7, 2023 |
| Midland Credit Management | x0360 | June 7, 2023 |
| Midland Credit Management | x5102 | June 7, 2023 |

59.    Further, on or about May 29, 2023, Equifax provided dispute results to Plaintiff which stated the formerly used name "David Allan Taylor" was deleted from his credit report.

60.    Additionally, on or about May 30, 2023, Equifax provided dispute results requesting Plaintiff's driver's license or birth certificate to update his date of birth. At that time, Equifax was still reporting the DOB of David *Allan* Taylor, 9/10/1963.

61.    On or about May 30, 2023, Equifax also sent a letter to Plaintiff stating the proof of identity did not match his credit file and requested two forms of identification.

62.    Equifax failed to do any independent investigation into Plaintiff's dispute but rather parroted information it received from the furnisher(s).

63.    Equifax never attempted to contact Plaintiff during the alleged investigation.

64.    On or about May 29, 2023, due to the continued erroneous reporting, Plaintiff again contacted Equifax to dispute the erroneous Feb – Retail, account

ending in x4804. Plaintiff reiterated he was a victim of a mixed file and that the account did not belong to him and should be removed from his credit file.

65. On or about May 31, 2023, Equifax responded to Plaintiff's dispute by stating the Feb – Retail, account ending in x4804, was verified as belonging to him.

66. Equifax failed to do any independent investigation into Plaintiff's dispute but rather parroted information it received from the furnisher(s).

67. Equifax never attempted to contact Plaintiff during the alleged investigation.

68. On or about May 31, 2023, Plaintiff once again contacted Equifax to dispute the Feb – Retail, account ending in x4804; Barclays Bank Delaware, account ending in x3297; and Barclays Bank Delaware, account ending in x5349. Plaintiff reiterated that he was a victim of a mixed file, and the aforementioned accounts did not belong to him.

69. On or about June 1, 2023, Equifax responded to Plaintiff's dispute by stating the Barclays Bank Delaware, account ending in x3297, was verified as belonging to him.

70. On or about June 2, 2023, Equifax responded to Plaintiff's dispute by stating the Feb – Retail, account ending in x4804, and Barclays Bank Delaware, account ending in x5349, were verified as belonging to him.

71. Equifax failed to do any independent investigation into Plaintiff's dispute but rather parroted information it received from the furnisher(s).

72. Equifax never attempted to contact Plaintiff during the alleged investigation.

73. On or about June 6, 2023, Plaintiff again contacted Equifax to dispute the erroneous Capital One USA NA, account ending in x1268, and Barclays Bank Delaware, account ending in x3297. Plaintiff explained yet again that he was a victim of a mixed file, and the aforementioned accounts did not belong to him.

74. On or about June 7, 2023, Equifax responded to Plaintiff's dispute by stating the Capital One USA NA, account ending in x1268, was verified as belonging to him.

75. On or about June 8, 2023, Equifax responded to Plaintiff's dispute by stating the Barclays Bank Delaware, account ending in x3297, was deleted from his credit file. The dispute results further stated that no action was taken to correct the erroneous DOB reported on Plaintiff's credit file, 9/10/1963.

76. On or about June 8, 2023, Equifax provided Plaintiff with an updated copy of his credit report. Upon review, Plaintiff observed that Equifax was still reporting his DOB inaccurately as 9/10/1963 and an incorrect SSN ending in 4434. Further, Equifax continued to report an address in Orlando, Florida and another address in Minneola, Florida which were not his. Upon information and belief, the

incorrect personal identifying information belonged to David *Allan* Taylor. Further, Plaintiff observed that, despite numerous disputes, eleven (11) inaccurate and erroneous accounts continued to appear on his credit report which did not belong to him.

| Furnisher | Account # | Status/Balance |
|---|---|---|
| Midland Credit Management | x8791 | Collection/$1,227 |
| Midland Credit Management | x0360 | Collection/$1,493 |
| Midland Credit Management | x5102 | Collection/$1,568 |
| GM Financial | x8350 | Past Due/$21,369 |
| Barclays Bank Delaware | x5349 | Charge Off/$5,522 |
| Capital One Bank USA NA | x1660 | Pays as Agreed/$719 |
| Capital One Bank USA NA | x1268 | Pays as Agreed/$2,084 |
| Kohls/Capital One | x2446 | Pays as Agreed/$0 |
| Feb – Retail | x4804 | Pays as Agreed/$1,339 |
| American Express | x1963 | Pays as Agreed/$911 |
| Capital One Auto Finance | x1001 | Pays as Agreed/$0 |

77.     Around June 10, 2023, Equifax disabled the dispute options from Plaintiff's Equifax.com account:



78. The Equifax.com automated message stated, "you are not able to dispute this information," referring to the entirety of his report.

79. The Equifax.com automated message also stated the message may be appearing because "you have already filed a dispute and it is under investigation," although the "pending disputes" section of his account showed no pending disputes.

80. The same error message appeared on July 29, 2023 -- 49 days later.

81. Thus, rather than fix the problem with Plaintiff's mixed file, Equifax programmed its automated systems to simply block any future disputes from occurring.

**Plaintiff's Disputes of the Erroneous Accounts**

82. As detailed above in May 2023, Plaintiff disputed twelve (12) erroneous accounts with Equifax, stating the accounts did not belong to him and belonged to another individual with a different DOB and SSN.

83. Each of these disputes occurred after the filing of Plaintiff's initial lawsuit against Equifax.

84. Equifax, upon receipt of Plaintiff's disputes, sent each data furnisher an *Automated Consumer Dispute Verification* Request ("ACDV") through a system known as e-OSCAR, requesting they make a reasonable investigation into the dispute.

Page **19** of **31**

85.     On information and belief, the ACDVs Equifax provided to each data furnisher stated that the consumer was David *Anthony* Taylor.

86.     The ACDVs also included the reason for Plaintiff's dispute – that the accounts were not his.

87.     Moreover, the ACDVs contained a "consumer states" section in which the consumer's narrative is relayed to the data furnisher.

88.     In the a "consumer states" section, Plaintiff described in detail that the erroneous accounts belonged to David *Allan* Taylor but were reporting in Plaintiff's credit file.

89.     Upon information and belief, Equifax sent all the furnishers Plaintiff's incorrect information and therefore the furnishers verified the incorrect David Taylor's PII.

90.     Equifax accepted the ACDV results from each of the furnishers and conducted little to no investigation of its own into Plaintiff's disputes.   Equifax was aware that Plaintiff's file was mixed.

91.     Equifax had already been placed on notice that Plaintiff's file was mixed, via Plaintiff's April 19, 2023, lawsuit.

92.     Equifax therefore failed to conduct any reasonable investigations into each of Plaintiff's disputes, as any reasonable investigation would have determined

that the erroneous accounts belonged to David *Allan* Taylor, not Plaintiff, and should therefore be removed from Plaintiff's credit file.

### Equifax Sells Subsequent Consumer Reports on Plaintiff

93.    On or about August 24, 2023, Plaintiff, believing that his credit file had been "un-mixed" as a result of his countless disputes and the lawsuit against Equifax, applied for another mortgage through The Mortgage Firm.

94.    The Mortgage Firm obtained a new consumer report regarding Plaintiff.

95.    However, despite six months of disputes and a pending lawsuit, the consumer report sold by Equifax to The Mortgage Firm *still* contained the False Accounts.

96.    As a result, Plaintiff still could not proceed with the purchase of a new house.

97.    Plaintiff, a dog lover, and his wife, had to keep paying for a motel to live in temporarily without his pets.

98.    Plaintiff had to pay fees to a kennel to board his dogs.

99.    Plaintiff and his wife have spent over $3,700 per month just on a motel and boarding their dogs.

100.    Despite exhaustive searches through friends, family, and local animal shelters, Plaintiff and his wife were unable to find homes for all 11 dogs on such short notice.

101.   Lamentably, Plaintiff had to put two of his dogs to sleep during his Equifax-induced motel stay, since the kennel he kept his other dogs had reached capacity, and no other kennels in the area indicated they had the ability to accept these two dogs.

102.   Plaintiff – an honorably-discharged veteran of the United States Army with stable finances and a good credit record – has experienced, and continues to experience, extreme mental anguish over the fact he has been living in a motel, without the companionship of his pets, for over a month as of this filing.

103.   Plaintiff has hired this law firm to represent him in this matter and has assigned the firm his right to fees and costs.

104.   Despite Plaintiff's best efforts to have the inaccurate information and accounts removed, Equifax continues to report the inaccuracies to Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

105.   Equifax has not conducted an actual investigation despite Plaintiff's pleas.

106.   Plaintiff continues to suffer as of the filing of this Complaint with Equifax's reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

107.   Equifax only fixed Plaintiff's credit report after a second lawsuit was filed by Plaintiff.

108.   As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in wasted ink and paper, and wasted time;

ii.   Loss of a lot of time attempting to cure the error;

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Equifax's reluctance to fix the errors;

iv.   Apprehensiveness to apply for credit due to the fear of rejection; and

v.   Defamation as Equifax published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

109.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through one hundred eight (108) as if fully stated herein.

110.   Equifax violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Plaintiff. Equifax matched and included information concerning

another consumer into consumer reports sold regarding Plaintiff, despite the other consumer having a different name, DOB, address, and SSN.

111. Equifax has been sued in the past for providing mixed file reports, including a lawsuit filed by Plaintiff on this exact issue, and is thus aware that its procedures for producing consumer reports are inadequate.

112. Equifax allowed for Furnisher(s) to report inaccurate information on accounts. Equifax failed to have policies and procedures to avoid misreporting accounts.

113. Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

114. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

115. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

116.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, DAVID ANTHONY TAYLOR, respectfully requests that this Court award actual damages pursuant to 15 USC § 1681o(a)(1) against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his reasonable attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

117.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through one hundred eight (108) as if fully stated herein.

118.   Equifax violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Plaintiff. Equifax matched and included information concerning another consumer into consumer reports sold regarding Plaintiff, despite the other consumer having a different name, DOB, address, and SSN.

119.   Equifax has been sued in the past for providing mixed file reports, including a lawsuit filed by Plaintiff on this exact issue, and is thus aware that its procedures for producing consumer reports are inadequate.

120. Equifax allowed for Furnisher(s) to report inaccurate information on accounts. Equifax failed to have policies and procedures to avoid misreporting accounts.

121. Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

122. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

123. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual damages or statutory damages up to $1000 per violation, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

124. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, DAVID ANTHONY TAYLOR, respectfully requests that this Court award actual damages or statutory damages up to $1000 per violation pursuant to 15 USC § 1681n(a)(1)(A), and punitive damages pursuant to

15 USC § 1681n(a)(2) against Defendant, EQUIFAX INFORMATION SERVICES

LLC; award Plaintiff his reasonable attorney's fees and costs; award pre-judgment

and post-judgment interest at the legal rate; and grant all such additional relief as the

Court deems appropriate.

**COUNT III**
**Violation of 15 U.S.C. § 1681i(a)(1)(A) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

125.    Plaintiff re-alleges and re-incorporates paragraphs one (1) through one

hundred eight (108) as if fully stated herein.

126.    Equifax violated **15 USC § 1681i(a)(1)(A)** when it failed to conduct

reasonable investigations into disputes by Plaintiff about the False Accounts,. Had

Equifax conducted a reasonable investigation, it would have deleted the False

Accounts as they clearly and obviously belonged to another individual with a

different date of birth and SSN and bore no relationship to Plaintiff.

127.    Even when Plaintiff's dispute included naming the correct individual to

whom the False Accounts belonged to – thus performing Equifax's investigation for

it and providing it with the correct solution – Equifax's automated systems

performed no better than before.

128.    Equifax has been sued before for identical conduct – including a prior

lawsuit by Plaintiff - and is thus aware that dispute investigation procedures are

flawed.

129.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

130.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

131.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, DAVID ANTHONY TAYLOR, respectfully requests that this Court award actual damages pursuant to 15 USC § 1681o(a)(1) against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his reasonable attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
**Violation of 15 U.S.C. § 1681i(a)(1)(A) as to
Defendant, Equifax Information Services LLC (Willful)**

132.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through one hundred eight (108) as if fully stated herein.

133.   Equifax violated **15 USC § 1681i(a)(1)(A)** when it failed to conduct reasonable investigations into disputes by Plaintiff about the False Accounts. Had Equifax conducted a reasonable investigation, it would have deleted the False Accounts as they clearly and obviously belonged to another individual with a different date of birth and SSN and bore no relationship to Plaintiff.

134.   Even when Plaintiff's dispute included naming the correct individual to whom the False Accounts belonged to – thus performing Equifax's investigation for it and providing it with the correct solution – Equifax's automated systems performed no better than before.

135.   Equifax has been sued before for identical conduct – including a prior lawsuit by Plaintiff - and is thus aware that dispute investigation procedures are flawed.

136.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

137.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual damages or statutory damages up to $1000 per violation, and

punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

138.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, DAVID ANTHONY TAYLOR, respectfully requests that this Court award actual damages or statutory damages up to $1000 per violation pursuant to 15 USC § 1681n(a)(1)(A), and punitive damages pursuant to 15 USC § 1681n(a)(2) against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his reasonable attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues so triable.


Respectfully submitted on March 11, 2024, by:

**SERAPH LEGAL, P. A.**

**/s/ Bryan J. Geiger**
Bryan J. Geiger, Esq.
FL Bar # 119168
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
BGeiger@SeraphLegal.Com

**THE CONSUMER LAWYERS PLLC**

*/s/ Octavio Gomez, Esq.*
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
Tav@TheConsumerLawyers.com
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*